

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

**FILED**

MAY 2 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 16, 2007

CR 07-105

Gilda Sherrod-Ali, Esquire
216 G Street, N.E., 1st fl.
Washington, D.C. 20002
fax copy also to: 544-2298 (this page followed by 10 additional pages)

re:  Investigation of Theodore R. Morgan

Dear Ms. Sherrod-Ali:

This letter sets forth the full and complete plea offer to your client, Theodore R. Morgan, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on April 25, 2007. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows.

### Charges and Statutory Penalties

1.  Your client agrees to waive indictment and plead guilty to a criminal information, a copy of which is attached, charging him with felony conversion of public funds, in violation of 18 U.S.C. § 641.

2.  Your client understands that pursuant to that provision, and to 18 U.S.C. §§ 3013, 3559, 3571, and 3583, the charge carries a maximum sentence of 10 years of imprisonment, a maximum period of supervised release of 3 years, a maximum fine of $250,000, and a $100 special assessment. In addition, there is a requirement that restitution be paid, pursuant to 18 U.S.C. §

3663A. There is also an obligation to pay interest and penalties on fines, assessments and restitution not timely paid.

3. In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

### Factual Stipulations

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and to assist the Court in determining the appropriate sentence, the parties stipulate and agree to the following:

#### Offense Level Under the Sentencing Guidelines

The base offense level for the offense is 6, pursuant to U.S.S.G. § 2B1.1(a)(2), and an increase of six levels is appropriate pursuant to U.S.S.G. § 2B1.1(b)(1)(D).

#### Acceptance of Responsibility: 2-point reduction

Provided that your client clearly demonstrates acceptance of responsibility to the satisfaction of the government, at the guilty plea proceeding and in subsequent conduct prior to the imposition of sentence, the government will agree that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

#### Agreement as to Sentencing Allocution

6. The parties further agree that a sentence within the applicable Guidelines Range of imprisonment established by the Sentencing Guidelines, if determined in accordance with the

2

parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). However, the parties agree that the defendant may seek a sentence outside the Guideline Range of imprisonment established by the Sentencing Guidelines, either as a departure from that range or based upon the factors to be considered in imposing sentence set forth in 18 U.S.C. § 3553(a). Furthermore, the government agrees not to oppose a sentence within the applicable range of imprisonment determined by the Sentencing Guidelines, and that if, under that range of imprisonment, the defendant is eligible under the Guidelines for probation, the government also agrees not to oppose a sentence of probation. However, the government specifically reserves the right to request that the Court impose a period of intermittent or community confinement, and/or a period of home detention, as a condition of probation, pursuant to U.S.S.G. § 5C1.1(c)(3), if the applicable guideline range of imprisonment is within Zone B of the U.S.S.G. Sentencing Table (see U.S.S.G. pt. 5A).

7.  Nothing in this Agreement limits the right of the government to seek denial of the adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice under U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw his guilty plea after it is entered, or should it be determined that your client has either (1) engaged in conduct, unknown to the government at the time of the signing of this Agreement that constitutes obstruction of justice or (2) engaged in additional criminal conduct after signing this Agreement.

8.  In addition, the government reserves its right to full allocution in any post-sentencing litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the government retains its full right of allocution in connection with any post-sentence motion that may be filed in this matter and/or in any proceeding before the Bureau of Prisons. In addition, your client acknowledges that the government is not obligated and does not intend to file any downward departure sentencing motion under U.S.S.G. § 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

9.  It is understood that pursuant to rule 11(c)(1)(B) and (c)(3)(B) of the Federal Rules of Criminal Procedure, the Court

is not bound by the above stipulations as to questions of fact, the parties' determination of the applicable guidelines range, or other sentencing issues. In the event that the Court considers any guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the applicable guidelines ranges based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-mandatory Sentencing Guidelines

10. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is further understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable guidelines ranges. The government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the applicable guidelines range.

### Restitution

11. In addition to penalties required by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court.

12. Your client agrees to make restitution in the amount of $48,434.85 to the victim of your client's criminal conduct. Your client understands that if he fails to make such agreed-upon restitution that the government may seek to void this Agreement.

### Release/Detention

13. Your client acknowledges that while the Government will not seek to detain him pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. If your client is not held pending sentencing and then engages in further criminal conduct prior to sentencing, the government may move to change your client's conditions of release.

### Breach of Agreement

14. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

15. Your client acknowledges discussing with you rule 11(f) of the Federal Rule of Criminal Procedure 11(f) and rule 410 of the Federal Rule of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules.

16. Your client understands and agrees that the government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

17. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, or to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of

such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

18. It is further agreed that should the conviction following your client's guilty plea pursuant to this Agreement be vacated for any reason, any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

19. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the government and will therefore not be available for DNA testing in the future.

### Complete Agreement

20. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

21. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

22. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space

indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

        Sincerely,

        Michael C. Liebman
        Assistant United States Attorney
        353-2385

## CLIENT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Gilda Sherrod-Ali, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 4-19-07

X_____
Theodore R. Morgan

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 4-19-07

_____
Gilda Sherrod-Ali, Esquire
Attorney for Theodore R. Morgan

STATEMENT OF OFFENSE

In or around February 1993, Marie A. Morgan, the mother of defendant Theodore R. Morgan, became eligible and began collecting widow's benefits from the Social Security Administration (SSA), based on the death of Theodore R. Morgan, Sr., her husband and the defendant's father. Sometime thereafter, Ms. Morgan began receiving the benefits by monthly direct deposit into an account in her name at the Treasury Department Federal Credit Union (TDFCU).

The defendant was not personally entitled to any SSA benefits based upon the death of his father.

In or around April 2002, while his mother was still alive, the defendant became a joint account holder with her on the TDFCU account in which her SSA widow's benefits were being deposited. On May 3, 2002, the defendant's mother died. By law, the defendant's mother's SSA widow's benefits were required to cease following payment for the month of April 2002, which was sent by direct deposit into the TDFCU account on May 3, 2002.

The defendant was not entitled to any SSA benefits based upon the death of his mother.

The defendant did not notify SSA or TDFCU of the death of his mother, and SSA continued to make monthly direct deposits into the same TDFCU account, as to which he and his deceased mother continued to be listed as joint account holders. The

deposits continued until July 2006. From June 2002 to July 2006, a total of $50,782 was deposited by the SSA into the TDFCU account. During the same time period, defendant Morgan periodically transferred the funds to non-TDFCU accounts in his name and also used the funds to pay for various expenses.

The SSA halted the payments after the July 2006 direct deposit, and on August 24, 2006, reclaimed $2347.15 directly from the TDFCU account, as partial restitution.

### Defendant's Acceptance of Statement of Offense

I have read this Statement of Offense and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those in the plea agreement filed in connection with this case.

Date: 4-19-07

_____
Theodore R. Morgan, defendant

### Defense Counsel's Acknowledgment

I am the attorney for defendant Theodore R. Morgan. I have reviewed every part of this Statement of Offense with him. It accurately and completely sets forth the Statement of Offense and agreed to by the defendant and the government.

Date: 4-19-07

_____
Gilda Sherrod-Ali, Esquire
Counsel for defendant Theodore R. Morgan