UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | CRIMINAL NO.  CR-07-105-01 |
| | : | |
| v. | : | Judge Colleen Kollar-Kotelly |
| | : | |
| **Theodore Morgan** | : | |
| | : | |
| **Defendant.** | : | |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to a period of 12 months incarceration with home detention as a substitute for imprisonment, to be followed by two years' probation.  In support thereof, the United States respectfully states the following:

Background

In or around October 1988, Marie A. Morgan, the mother of defendant Theodore R. Morgan, became eligible and began collectiong widow's benefits from the Social Security Administration ("SSA"), based on the death of Theodore R. Morgan, Sr., her husband and the defendant's father. Sometime thereafter, Ms. Morgan began receiving the benefits by monthly direct deposit to an account in her name at the Treasury Department Federal Credit Union ("TDFCU").

The defendant was not personally entitled to any SSA benefits based upon the death of his father.

In or around April 2002, while his mother was still alive, the defendant became a joint account holder with her on the TDFCU account in which her SSA widow's benefits were being deposited. On May 3, 2002, the defendant's mother died. By law, the defendant's mother's SSA widow's benefits were required to cease following payment for the month of April 2002, which was sent by direct deposit into the TDFCU account on May 3, 2002.

The defendant was not entitled to any SSA benefits based upon the death of his mother.

The defendant did not notify SSA or TDFCU of the death of his mother, and SSA continued to make monthly direct deposits into the same TDFCU account, as to which he and his deceased mother continued to be listed as joint account holders. The deposits continued until July 2006. From June 2002 to July 2006, a total of $50,782 was deposited by the SSA into the TDFCU account.

The SSA halted the payments after the July 2006 direct deposit, and on August 24, 2006, reclaimed $2347.15 directly from the TDFCU account, as partial restitution.

As a result of the defendant's actions, the SSA suffered a loss of $50,782. The defendant subsequently made a payment to the SSA of that amount, less the amount reclaimed from the TDFCU account.

On April 20, 2007, the government filed a one-count Information charging the defendant with Theft of Government Property, 18 U.S.C. § 641. On May 21, 2007, the defendant pled guilty to the Information in accordance with a written plea agreement.

## Statutory Penalties

Pursuant to 18 U.S.C. § 641, the charge of Theft of Government Property carries a penalty of a term of imprisonment that may not exceed ten years, and the defendant must serve between one

and five years probation.  18 U.S.C. § 3561(c)(1).

## Sentencing Guidelines

U.S. Probation Officer Renee Moses-Gregory, the PSR writer in this case, has calculated Defendant's total offense level to be 10 and his criminal history category to be I.  PSR ¶¶ 14-26.  Under these calculations, the defendant falls within a Zone B sentence of 6-12 months.

## Sentencing Recommendation

The government recommends that the defendant be sentenced to 12 months of home detention with availability for work release.  Just one month prior to his mother's passing, the defendant became a joint account holder on her valuable account.  The defendant repeatedly took advantage of that status by failing to inform the SSA of his mother's passing, and systematically transferred the continued SSA benefits into non-TDFCU accounts for his personal gain, taxpayer-supported benefits to which he knew he had no right.   The recommended sentence is also supported by the factors to be considered by courts as articulated in Title 18, United States Code, Section 3553(a).  This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the defendant.  Id.  The defendant's systematic and continuous theft of government money requires more significant punishment than simply having the government accept back the money the defendant stole.  The government's proposed sentence underscores the serious nature of the offense and will deter the defendant and others from such schemes in the future.

It is the government's position that 18 U. S. C. § 3553(a)(2)(1), which directs that the

sentencing court consider the "the nature and circumstances of the offense and the history and characteristics of the defendant," should not be read to mean that the sentencing court should take into account all of the defendant's personal characteristics in imposing a sentence of incarceration. Congress, in enacting the Sentencing Reform Act, specifically prohibited certain personal characteristics from being considered in sentencing. Thus, sentences cannot be based on a defendant's race, sex, national origin, creed or socioeconomic status. See 28 U.S.C §944(d). Other characteristics can be taken into account only to the extent they are relevant. Id. Congress specifically directed that the Commission assure that the guidelines reflected "the general inappropriateness" of considering certain factors, including the defendant's family ties and responsibilities, and community ties, in recommending terms of imprisonment. 28 U.S.C. § 944(e).

14. WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of 12 months home detention, followed by two years probation.

    Respectfully,

    JEFFREY A. TAYLOR
    United States Attorney

    By: _____/s/_____
    Jeff Pearlman
    ASSISTANT UNITED STATES ATTORNEY
    Federal Major Crimes Section
    United States Attorney's Office
    555 Fourth Street, N.W., Room 4231
    Washington, D.C. 20530
    Phone: (202) 353-2385
    Fax: (202) 514-6010

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Danielle C. Jahn, Federal Public Defender, 625 Indiana Avenue, NW, Washington, D.C. 20004, this 22nd day of August, 2007.

                                                      /s/
                                      Jeff Pearlman
                                      Assistant United States Attorney