AO 245B   (Rev 06/05) (Rev DC 12/15/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| THEODORE R. MORGAN | Case Number: 07-105-01 |
| | USM Number: 290039-06 |
| | Gilda Sherrod-Ali |
| | Defendant's Attorney |

**FILED**
SEP 2 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the Information

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 641 | Theft of Government Property | July 3, 2006 | 1 |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 11, 2007
Date of Imposition of Judgment

_/s/ Colleen Kollar-Kotelly_
Signature of Judge

Colleen Kollar-Kotelly           U.S. District Judge
Name of Judge                    Title of Judge

September 20, 2007
Date

Judgment—Page 2 of 9

DEFENDANT: THEODORE R. MORGAN
CASE NUMBER: 07-105-01

## PROBATION

The defendant is hereby sentenced to probation for a term of:

Three (3) years on Count 1

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page  3  of  9

DEFENDANT: THEODORE R. MORGAN
CASE NUMBER: 07-105-01

## ADDITIONAL PROBATION TERMS

Defendant shall be placed in the Electronic Monitoring Program for a period of 180 days, to commence within thirty (30) days of being placed on probation. The defendant shall pay for the electronic monitoring service at a rate that shall not exceed $3.25 per day ($97.50) per month. During the electronic monitoring period, the defendant shall remain at his place of residence except for employment, medical appointments or other activities approved in advance by the probation officer. The defendant shall permit a probation officer to contact the employer while participating in the electronic monitoring program. The defendant shall maintain a telephone at his place of residence without any special features, modem, answering machines, or cordless telephones during the term of electronic monitoring. The defendant shall wear an electronic device and shall observe the rules specified by the probation officer.

The defendant shall pay the balance of the fine at a rate of no less than $200 each month and provide verification of payments to the Probation Office.

The defendant shall submit to the collection and use of DNA identification information at the direction of the U.S. Probation Office pursuant to 42 USC section 14135a.

The defendant shall provide the Probation Office with your income tax returns, authorization for release of credit information, and any other business or financial information in which the defendant have a control or interest.

THE COURT FINDS that the provision for submission of periodic drug tests, as required under 18 USC 3563(a) and 3583 (b), is suspended, as the defendant is believed to pose a low risk of future substance abuse.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties

Judgment — Page __4__ of __9__

DEFENDANT:  THEODORE R. MORGAN
CASE NUMBER:  07-105-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 100          | $ 2000   | $ 48,434.85     |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|-----------------------------|
|                   |                 |                         |                             |
|                   |                 |                         |                             |
|                   |                 |                         |                             |
|                   |                 |                         |                             |
|                   |                 |                         |                             |
|                   |                 |                         |                             |
| TOTALS            | $ 0.00          | $ 0.00                  |                             |

☑ Restitution amount ordered pursuant to plea agreement   $ 48,434.85

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the   ☑ fine   ☑ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 5A — Criminal Monetary Penalties

|  | Judgment—Page 5 of 9 |
|---|---|

DEFENDANT: THEODORE R. MORGAN
CASE NUMBER: 07-105-01

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

IT IS ORDERED that the defendant pay a fine in the amount of $2,000 on Count 1. Payment of the fine is due immediately. The Court waives the payment of interest and penalties that may accrue on the fine amount. Any balance remaining shall be paid at a rate of no less than $200 a month.

IT IS ORDERED that the defendant pay restitution in the amount of $48,434.85. (The record reflects that the restitution has been satisfied)

IT IS FURTHER ORDERED that the defendant pay a special assessment fee of $100. It has been reported that the special assessment fee was paid to the Clerk of the Court for the U.S. District Court, District of Columbia on August 8, 2007.